UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Eugene BLACK and Alternate Systems, Inc., Defendants-Appellants.

Nos. 76–1780 and 76–1781.

United States Court of Appeals,
Tenth Circuit.

Jan. 19, 1978.

Certiorari Denied March 27, 1978.

See 98 S.Ct. 1525.

Robert L. Lundblad, Kansas City, Kan., for defendants-appellants.

Douglas B. Comer, Asst. U. S. Atty., Kansas City, Kan. (E. Edward Johnson, U. S. Atty., and Richard L. Hathaway, Asst. U. S. Atty., Kansas City, Kan., on brief), for plaintiff-appellee.

Before McWILLIAMS, BARRETT, and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

Alternate Systems, Inc., a corporation, and Robert Eugene Black, individually and in his official capacity as the president of Alternate Systems, Inc., were charged with knowingly and unlawfully establishing a private express for the conveyance of letters by regular trips over one or more post routes, in violation of 18 U.S.C. § 1696. The express route established was to and from the cities of Pittsburg and Frontenac, in the State of Kansas, towns between which the United States has established regular postal routes. Trial was to the court, sitting without a jury, and was based on a written stipulation of facts. By the stipulation the defendants admitted, in effect, that they were in violation of the provisions of U.S.C. § 1696, but reserved for judicial consideration the constitutionality of the statute under which they were prosecuted. The trial court upheld the constitutionality of 18 U.S.C. § 1696, and accordingly found both defendants guilty of the crime charged. This appeal followed.

The only issue is the constitutionality of 18 U.S.C. § 1696. Article I, Section 8 of the Constitution provides, *inter alia*, that Congress shall have the power to establish post offices and post roads and to make all laws necessary for carrying into execution that power. Under the so-called "private express statutes" the United States has a monopoly on the handling of letters through the mail. 39 U.S.C. § 601, et seq. The pertinent part of 18 U.S.C. § 1696, under which the defendants were prosecuted, reads as follows:

> Whoever establishes any private express for the conveyance of letters or packets, or in any manner causes or provides for the conveyance of the same by regular trips or at stated periods over any post route which is or may be established by law, or from any city, town, or place to any other city, town, or place, between which the mail is regularly carried, shall be fined not more than $500 or imprisoned not more than six months, or both.

It is conceded that the private express statutes were intended to give the United States a monopoly in the delivery of letters and to preclude competition by private express. Conceding such to be the effect of the private express statutes, it is defendants' basic position here that the statutes are themselves unconstitutional for the reason that such are beyond the power granted Congress by the Constitution. Counsel relies primarily on various writings of Alexander Hamilton and James Madison to support this proposition. Whether such historical expressions have present pertinency is debatable. In any event, the proposition here argued for by the defendants is at odds with judicial precedent.

In *Ex Parte Jackson*, 96 U.S. 727, 24 L.Ed. 877 (1877) the Supreme Court spoke as follows:

> The power vested in Congress 'to establish post-offices and post-roads' has been practically construed, since the foundation of the government, to authorize not merely the designation of the routes over which the mail shall be carried, and the offices where letters and other documents shall be received to be distributed or forwarded, but the carriage of the mail, and all measures necessary to secure its safe and speedy transit, and the prompt delivery of its contents. The validity of legislation prescribing what should be carried, and its weight and form, and the charges to which it should be subjected, has never been questioned . . . . Id. at 732.
>
> . . . But we do not think that Congress possesses the power to prevent the transportation in other ways as merchandise, of matter which it excludes from the mails. To give efficiency to its regulations and prevent rival post systems, it may perhaps prohibit the carriage by others for hire, over postal routes, of articles which legitimately constitute mail matter in the sense in which those terms were used when the Constitution was adopted, consisting of letters and of newspapers and pamphlets, when not sent as merchandise; but farther than that its power of prohibition cannot extend. Id. at 735.

*Blackham v. Gresham*, 16 F. 609 (2d Cir. 1883) is factually similar to the present case. That case involved a private express employing some 50 carriers who collected and delivered letters in New York City. In holding that such an operation violated a predecessor statute to 18 U.S.C. § 1696, the Second Circuit observed as follows:

> Not only is the establishing of a private express for the transmission of mail matter within a city where letter-carrier routes have been established an offense within the language of the existing law, but such a scheme so clearly contravenes the policy of the postal law that it would be a matter of surprise if congress had intentionally tolerated such a competition with the business of the government.
>
> As pointed out by the attorney general of the United States in 1858, (9 Op. 161,) 'the business of carrying letters and other mail matter belongs exclusively to the government; and in cities and the large towns letter carriers are as much part of the system as the transportation of the mails from one office to another.' If private agencies can be established, the

income of the government may be so reduced that economy might demand a discontinuance of the system; and thus the business which it is the right and duty of the government to conduct for the interest of all, and on such terms that all may avail themselves of it with advantage, may be handed over to individuals or corporations who will conduct it with the sole view of making money, and who may find it for their profit to exclude localities or classes from the benefit of the service. Id. at 611.

In *Williams v. Wells Fargo & Co. Express*, 177 F. 352 (8th Cir. 1910) the Eighth Circuit was concerned with a statute which, like 18 U.S.C. § 1696, proscribed private express for the conveyance of letters and prescribed a penalty therefore. As concerns the power of Congress to enact such a statute, the Eighth Circuit said:

> While at one time questioned, there remains no doubt but that, under the constitutional authority granted, Congress may, as it has done, reserve to the postal department of the government a monopoly of the business of receiving, transmitting, and delivering the mails of the country, and in the exercise of such right of monopoly Congress may enact such rules, regulations, and laws as will effectively preserve such right of monopoly intact, and as will deter all others, including private individuals and express companies, from engaging therein, and to this end Congress may prescribe such fines, penalties, forfeitures, and punishments as it may deem proper to preserve this right of monopoly retained by the government. For this purpose section 3982 above quoted was enacted. Id. at 356.

Although the constitutionality of 18 U.S.C. § 1696 was not at issue in *National Association of Letter Carriers, AFL–CIO v. Independent Postal System of America, Incorporated,* 470 F.2d 265 (10th Cir. 1972), in that case we did state that the plain intent of 39 U.S.C. § 601 and 18 U.S.C. § 1696 is that the United States should have a monopoly in the delivery of letters and that the private express statutes were designed to give effect to the Constitutional mandate that Congress established "Post Offices and Post Roads".

Based on the authority above referred to, we now hold that 18 U.S.C. § 1696 is constitutional and represents a valid exercise by Congress of the power granted by Article I, Section 8 of the Constitution.

Judgments affirmed.